IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

IN RE LETTER OF REQUEST           )
FROM LATVIA                       )
IN THE MATTER OF                  )          Misc. No. 07-
VEXTIN OVERSEAS, L.L.C.           )

**GOVERNMENT'S MEMORANDUM OF LAW
IN SUPPORT OF APPLICATION FOR ORDER**

This memorandum of law is submitted in support of the Application for an Order pursuant to Title 28, United States Code, Section 1782, in order to execute a letter of request from Latvia. A copy of the translation is attached.

FACTUAL BACKGROUND:

This investigation is being conducted by the Latvian authorities who are investigating a case of alleged tax evasion.

EVIDENCE SOUGHT:

The Latvian authorities seek information from the Delaware Secretary of State's Office and a company in this District. The authority for this Court to accede to this request is contained in Title 28, United States Code, Section 1782, which states in part:

(a) The district court of the district in which a person resides or is found may order him to give his testimony or statement or to produce a document or other thing for use in a proceeding in a foreign or international tribunal, including criminal investigations conducted before formal accusation. The order may be made pursuant to a letter rogatory issued, or request made, by a foreign or international tribunal or upon the application of any interested person and may direct that the testimony or statement be given, or the document or other thing be produced, before a person appointed by the court. By virtue of his appointment, the person appointed has power to administer any necessary oath and

take the testimony or statement. The order may prescribe the practice and procedure, which may be in whole or part the practice and procedure of the foreign country or the international tribunal, for taking the testimony or statement or producing the document or other thing. To the extent that the order does not prescribe otherwise, the testimony or statement shall be taken, and the document or other thing produced, in accordance with the Federal Rules of Civil Procedure.

The proper criteria for determining whether the court should exercise its discretion in favor of executing the request are outlined in *In Re Request for Judicial Assistance from the Seoul District Criminal Court*, 555 F.2d 720, 723 (9th Cir. 1977) (citation omitted):

> Under the statute the only restrictions explicitly stated are that the request be made by a foreign or international tribunal, and that the testimony or material requested be for use in a proceeding in such a tribunal.... [and] that the investigation in connection with which the request is made must relate to a judicial or quasi-judicial controversy.

Moreover, "(t)he judicial proceeding for which assistance is sought ... need not be pending at the time of the request for assistance; it suffices that the proceeding in the foreign tribunal and its contours be in reasonable contemplation when the request is made." *In Re Letter of Request from the Crown Prosecution Services of the United Kingdom*, 870 F.2d 686, 687 (D.C. Cir. 1989).

The letter of request in this case shows that the information sought is for use in such proceedings in Latvia and hence the request comes well within those circumstances

contemplated by Congress in expanding the Federal Courts' authority to act in such matters. *In Re Letter of Request from the Crown Prosecution Service of the United Kingdom*, 870 F.2d 686, 689-91 (D.C. Cir. 1989); *In Re Letters Rogatory from the Tokyo District, Tokyo, Japan*, 539 F.2d 1216, 1219 (9th Cir. 1976). Therefore, I ask this Court to honor the request for assistance.

The reception of letters of request and the appointment of a Commissioner to execute them are matters customarily handled <u>ex parte,</u> and persons with objections to the request raise those objections by moving to quash any subpoenas issued by the Commissioner. *Id.*

**WHEREFORE**, the United States requests that the Court issue an Order, in the form, appended hereto, appointing a Commissioner in order to execute the request for assistance.

                                      Respectfully submitted,

                                      COLM F. CONNOLLY
                                      United States Attorney

BY: _____
                                      David L. Hall
                                      Assistant U.S. Attorney
                                      1007 Orange Street
                                      Wilmington, DE   19801
                                      (302) 573-6277

Dated: 11/13/08

*Translated from Latvian*

THE REPUBLIC OF LATVIA

# STATE REVENUE SERVICE

Reg. No. 90000069281, Smilšu iela 1, Riga, LV-1978, tel. 67028703, tel./fax 67028704,
e-mail kanceleja.ca@vid.gov.lv, www.vid.gov.lv

Riga

On 27 June 2007 No. 14.1/81

To: Competent Law Enforcement Institutions
of the USA

On Rendering of Legal Assistance

Financial Police Department of the Republic of Latvia State Revenue Service (hereinafter referred to as SRS) on 20 September 2006 initiated the criminal procedure No.15830114006 in accordance with crime indications provided for in Article 218 (2) of the Criminal Law, for suspicious financial transactions by the same or interconnected persons at the company "Midrums V" Ltd., taxpayer registration No. ▓▓▓▓▓▓▓ legal address Vējdzirnavu iela 7, Riga, and at the company "Valdrons" Ltd., taxpayer registration No. ▓▓▓▓▓▓▓ legal address Ieriķu iela 2b-502, Riga, performed in the time period from 1 February 2004 until 31 May 2004 in the operating accounts of the joint stock company "Lateko banka", which are not registered in the SRS, resulting in non-payment of the value added tax in the total amount of LVL 19208,95 in the state budget.

### Article 218 of the Criminal Law of Latvia.
### Tax and Equal to Tax Payment Evasion

(1) For tax or equal to tax payment evasion, or hiding or decreasing of income, profit or other taxable objects, if these acts are committed repeatedly within a year,
   - a sentence of up to three years of imprisonment or arrest, or a fine of up to eighty minimum monthly wages is imposed, disabling the person to perform business activities for the time period from two to five years, or without it.

(2) For tax or equal to tax payment evasion, or hiding or decreasing of income, profit or other taxable objects, if losses to the state or local government in a large amount are incurred thereby,
   - a sentence of up to five years of imprisonment or a fine of up to one hundred and twenty minimum monthly wages, with or without property forfeiture is imposed, disabling the person to perform business activities for the time period from two to five years, or without it.

**The following facts were clarified during pre-trial investigation:**

"Midrums V" Ltd. and "Valdrons" Ltd. are legally not associated companies the operations of which can be traced as a similar chain of transactions linked with the off-shore company "Vextin Overseas LLC", 12260 Willow Grove Road, bldg.#2, Camden, DE 19934, County of Kent, USA, and payment of cash to a physical person Jevgenijs Pogrebnojs, identity number ███████████. The total amount of LVL 797900 has been paid to "Midrums V" Ltd. and "Valdrons" Ltd.

It has been clarified during investigation that "Midrums V" Ltd. and "Valdrons" Ltd. are inherent in indications of dummy companies, as well as money transfers executed by "Midrums V" Ltd. and "Valdrons" Ltd. to the off-shore company "Vextin Overseas LLC" which in its turn executed cash payments to a physical person Jevgenijs Pogrebnojs, are indicative of fictitious transactions.

On 4 April 2006 Financial Police Department received from Riga Regional Office of SRS tax calculation reports No.28 and No.30 of "Midrums V" Ltd. and "Valdrons" Ltd., which indicate that "Valdrons" Ltd. shall pay the surcharge of the value added tax in the amount of LVL 13430,70 in the state budget, but "Midrums V" Ltd. shall pay the surcharge of the value added tax in the amount of LVL 5778,25 in the state budget.

It has been clarified that in the time period from 2 February 2004 until 31 May 2004 money from different customers in the amount of LVL 345602,97 has been transferred to the operating account No. ████████████████, not registered in SRS, of "Midrums V" Ltd. at the joint stock company "Latvijas Ekonomiskā komercbanka", but LVL 353248 from this operating account have been transferred to the operating account No. LV15LATB0006010011100 of "Vextin Overseas LLC" at the joint stock company "Latvijas Ekonomiskā komercbanka", from which cash payments to J. Pogrebnojs were executed.

Jevgenijs Pogrebnojs, identity number ███████████, explained that he had got acquainted with a male person named Jānis, who offered a job of going to the bank and drawing out money. J. Pogrebnojs had agreed and had withdrawn money at the joint stock company "Latvijas Ekonomiskā komercbanka". Jevgenijs Pogrebnojs does not know where the money comes from and knows nothing of the company "Vextin Overseas LLC".

Vladimirs Smirnovs, identity number ███████████ explained, that in November 2003 a male person named Oļegs had offered him to register the company "Valdrons" Ltd. Vladimirs Smirnovs had agreed and had opened operating accounts at the joint stock companies "Parex banka" and "Lateko banka". V. Smirnovs does not know where the bookkeeping and registration documents of "Valdrons" Ltd. are.

Vladimirs Čujevs, identity number ███████████ explained that he knows nothing of the company "Midrums V" Ltd. and that he has no connection with the company. He cannot explain anything as to how he became the director, as well as he does not know where the company's bookkeeping and registration documents are.

Upon examination of transactions of "Midrums V" Ltd. and "Valdrons" Ltd. it can be concluded that "Midrums V" Ltd. and "Valdrons" Ltd. have evaded taxes in a large amount, thus committing a crime.

On the ground of the above mentioned, in order to contribute to pre-trial investigation, as well as to clarify about financial transactions of "Midrums V" Ltd., "Valdrons" Ltd. and "Vextin Overseas LLC", on a legal basis to obtain evidence necessary for the criminal procedure, we kindly ask you to perform the following investigation and other activities in the United States of America:

1. Clarify whether the company "Vextin Overseas LLC", 12260 Willow Grove Road, bldg.#2, Camden, DE 19934, County of Kent, USA, has been incorporated in the United States of America, and;

2. Whether "Vextin Overseas LLC" has been incorporated as a taxpayer in the USA or has indicated some other country and address where it performs business;
3. If the above company has been (was) incorporated in the USA, please, clarify whether the incorporation has taken place upon request of a physical person or a legal entity. Please, provide personal data of a physical person or a legal entity;
4. Please, interrogate physical or legal persons (their representatives) in respect of the registration conditions of the company "Vextin Overseas LLC" on the following:
    - Upon whose request the company has been incorporated; Who the customer is;
    - Who made payment for incorporation of the company; Whether the payment took place through bank accounts; If it did, specify the account numbers;
    - How the documents on incorporation of the company "Vextin Overseas LLC" were transferred and whom to;
5. If the company "Vextin Overseas LLC" has been incorporated in the USA with the legal address 12260 Willow Grove Road, bldg.#2, Camden, DE 19934, County of Kent, USA, please, interrogate as witnesses competent officials in charge of the company on the following:
    - Since when and in what position they have worked at the company "Vextin Overseas LLC"; What their work responsibilities are;
    - Type of business the company is engaged in;
    - Whether their company has opened the operating account No. ▓▓▓▓▓▓▓▓▓▓▓ at the Republic of Latvia joint stock company "Latvijas Ekonomiskā komercbanka";
    - How the opening of the account took place; Please, specify the person or attorney (first name, surname) who opened the account;
    - Whether "Vextin Overseas LLC" has a representative office or attorney in the Republic of Latvia;
    - If it does, please, indicate the name of the representative office or first name and surname of the attorney;
    - Whether the companies "Midrums V" Ltd., taxpayer registration No. ▓▓▓▓▓▓▓▓ legal address Vējdzirnavu iela 7, Riga, and "Valdrons" Ltd., taxpayer registration No. ▓▓▓▓▓▓▓▓ legal address Ieriķu iela 2b-502, Riga, are known to them;
    - Whether any agreements were concluded or transactions were executed with Midrums V" Ltd. and "Valdrons" Ltd.; If they were, please, indicate first names, surnames of persons, types of transactions;
    - Whether Jevgenijs Pogrebnojs, citizen of the Republic of Latvia, identity number ▓▓▓▓▓▓▓▓ is known to them;
    - Whether their company has transferred money to Jevgenijs Pogrebnojs;
    - Which person (indicate first name, surname and position) from their company transferred money to Jevgenijs Pogrebnojs;
    - How and where the acquaintance and communication with Jevgenijs Pogrebnojs took place; Please, indicate telephone numbers or e-mail addresses;
    - Whether their company has authorized Andrejs Cakuls, identity number ▓▓▓▓▓▓▓▓ to execute any transactions on behalf of the company "Vextin Overseas LLC";

Execute any other investigation activities, which might be necessary upon fulfillment of the request in the territory of the USA.

    We confirm that Financial Police Department, Republic of Latvia State Revenue Service would be entitled to receive data of such nature also if they were requested by foreign competent authorities.

Enclosed: Copies of documents, on 7 pages

Thank you for cooperation.

Very truly yours,

Senior Investigator,
Investigations Division,
Financial Police Department    (seal)    (signature)  *A. Kaksītis*

Kaksītis +371 67365176
e-mail: agnis.kaksitis@fipp.vid.gov.lv

# POWER OF ATTORNEY

VEXTIN OVERSEAS LLC, a company organised and existing under the laws of the State of Delaware U.S.A., (the "company"), does hereby constitute and appoint

~~MR. ANDREJS CAKULS~~

~~(PIN~~

of VEXTIN OVERSEAS LLC its true and lawful attorney in fact ("Attorney-in-Fact") for the company for the following purposes:

1. Make, execute, endorse, accept and deliver in the name of the company all checks, notes, drafts and other instruments of any nature and effect all financial transactions for the company.
2. Form and incorporate subsidiaries, joint ventures, open and close branches, register and de-register representative offices for the company anywhere in the world, sign all the legal documents, submit the aforementioned offices to applicable law and take any actions necessary to comply with applicable law.
3. Acquire shares of the stock or other interest and sell shares of the stock or other interest of any company.
4. Open, operate and close bank accounts for the company.
5. Purchase, Lease, Rent or Trade Real Estate for the company anywhere in the world and take any actions necessary to comply with applicable law.
6. Negotiate on behalf of the company, bind the company, and carry out the business and affairs of the company.
7. Vote in person or by proxy any shares or beneficial interest in any entity.
8. Represent the company before third parties such as attorneys, accounting firms, registered agents, etc.

The company's Attorney has full and unqualified authority to delegate any or all of the foregoing powers to any person or persons whom my Attorney-in-Fact shall select.

This Power of Attorney shall be governed by and construed under the laws of Delaware of the United States of America.

This Power of Attorney shall be valid from the date below until the completion of the aforementioned duties, but in no case longer than one year from the below date.

IN WITNESS WHEREOF, I have hereunto set my hand and the seal of the company this 5th day of December, 2003.



Mr. Alex Zingaus
On behalf of
FEDERAL PROPERTIES LTD.
(Member)

Passport details of attorney-in-fact:

Nationality:    Latvian

Number:    

# Apostille

(Convention de La Haye du 5 Octobre 1961)

1. Country: United States ~~of America~~

   This public document:
2. has been signed by Harriet Smith Windsor

3. acting in the capacity of Secretary of State of Delaware

4. bears the seal/stamp of Office of Secretary of State

## Certified

5. at Dover, Delaware

6. the sixth day of October, A.D. 2003

7. by Secretary of State, Delaware Department of State

8. No. 0210771

9. Seal/Stamp: 

10. Signature:

*Harriet Smith Windsor*
Secretary of State

# CERTIFICATE OF FORMATION
## OF
## VEXTIN OVERSEAS LLC
### (A Delaware Limited Liability Company)

**First:** The name of the limited liability company is: ~~VEXTIN OVERSEAS LLC~~

**Second:** Its registered office in the State of Delaware is located at 12260 Willow Grove Road, Bldg. #2, Camden, DE 19934, County of Kent. The registered agent in charge thereof is Central Delaware Corporate Services, Inc.

**Third:** The company shall be managed by members with full powers to operate and bind the undertaking. The Initial Member is: Mr. Alex Zingaus on behalf of FederaL Properties LTD. 35 Barrack Road, Belize City, Belize, C.A.

**Fourth:** OWNERSHIP: The manager of the Company shall divide the equity of the undertaking into 1,000 units, to be called "Shares", with each individual share having No Stated Par Value Per Share/Unit. Be it further noted that each share certificate shall state the total number of shares authorized and shall only be valid if signed by the members and sealed with the Company Seal.

**Fifth:** To the fullest extent permitted by the Delaware Limited Liability Act a member/manager of the company shall not be liable to the company or its members for monetary damages for breach of fiduciary duty as member/manager.

IN WITNESS WHEREOF, I, Cynthia P. Fletcher, being fully authorized to execute and file this document have signed below executed this Certificate of Formation on the 23rd day of September, 2003.

Cynthia P. Fletcher
Authorized Person

State of Delaware
County of Kent

This instrument was acknowledged before me on September 23, 2003 by Cynthia P. Fletcher.

Signature of Notary Officer
Harlan E. Peterson
My Commission Expires 10/3/2006

State of Delaware
Secretary of State
vision of Corporations
vered 03:24 PM 09/23/2003
LED 03:24 PM 09/23/2003
030611258 - 3711987 FILE

# Delaware

PAGE 1

*The First State*

I, HARRIET SMITH WINDSOR, SECRETARY OF STATE OF THE STATE OF DELAWARE, DO HEREBY CERTIFY THE ATTACHED IS A TRUE AND CORRECT COPY OF THE CERTIFICATE OF FORMATION OF "VEXTIN OVERSEAS LLC", FILED IN THIS OFFICE ON THE TWENTY-THIRD DAY OF SEPTEMBER, A.D. 2003, AT 3:24 O'CLOCK P.M.



Harriet Smith Windsor, Secretary of State

3711987  8100

030611258

AUTHENTICATION: 2673252

DATE: 10-06-03

CO. NAME:   VEXTIN OVERSEAS LLC

CERT.NO:

STATE:   Delaware, USA

# DEED OF TRUST

## BETWEEN

**OF THE FIRST PART**: Mr. Alex Zingaus on behalf of FEDERAL PROPERTIES LTD. of 35 Barrack Road, Belize City, Belize, C.A. (acting as the 'Nominee' Employee) hereinafter known as the First Parties.

## AND

**OF THE SECOND PART:**        THE BENEFICIARIES

# 1:   MR. ANDREJS CAKULS                       A citizen of  Latvia

Passport Number  ▮▮▮▮▮▮▮▮

Hereinafter known as the Second Parties as appropriate.

---

WHEREAS: We the First Parties, do hereby solemnly declare that our respective positions are held strictly in a 'Nominee' capacity and that no beneficial of real ownership, be it direct or indirect, is held by Ourselves. In addition, it is declared that we shall only act on the instructions of the beneficial owners or any legally appointed agent thereof, subject only to proof of identity and an undertaking that such action(s) are fully incepting with the laws and regulations of any jurisdiction affected by the aforesaid. If requested, an 'Original' of this Deed can be supplied, if appropriate, to each named beneficiary.

WHEREAS: The Second Parties, hereby undertake to Indemnity the First Parties from any direct or indirect consequences of acting in the aforementioned capacities. Specifically, the Second Parties undertake only to use the undertaking for legal and moral purposes. The Second Parties are not allowed to act illegally on behalf of the First Parties. All the responsibility as to the deeds of the Second Parties lies upon the Second Parties.

Signatures of Second Parties:                          Signatures of First Parties:

_[signature]_                                          _[signature]_

Mr. Andrejs Cakuls                                     Mr. Alex Zingaus

DATED THIS  5th   DAY OF   December, 2003. (Valid for 1 Year)

## Certificate of Registration
## Of
## VEXTIN OVERSEAS LLC
(A Delaware Limited Liability Company)

The above named company is a valid legal Limited Liability Company that has met all requirements in accordance with Section 18-201 of Delaware Limited Liability Company Act.

The company was duly and properly filed with the State of Delaware Division of Corporations at 9:00 a.m. on September 23, 2003 by its Delaware Registered Agent.

The Registered Agent in Delaware is Central Delaware Corporate Services, Inc. a duly licensed Delaware Registered Agent in Good Standing since July 17, 1996.

The Delaware State Registration Number assigned to the company upon formation is: 3711987.

The name of the Managing Member is:

Mr. Alex Zingaus on behalf of Federal Properties Ltd., 35 Barrack Road, Belize City, Belize, C.A.

The member shall have the sole right to bind the Limited Liability Company, enter into contracts and/or leases, open bank accounts and branches for the company in any country in the world and be the Chief Executive Officer.

The Certificate of Formation of the company was duly and properly filed in accordance with the Delaware Limited Liability Act. The company is current on all Delaware taxes, fees and registration charges as of the date below.

*********************************************************************************

I, Cynthia P. Fletcher, of Central Delaware Corporate Services, Inc., do hereby attest to the fact that the above "Certificate of Registration" was prepared for VEXTIN OVERSEAS LLC and is true and valid as of the date below.

*[signature]*
Cynthia P. Fletcher
September 23, 2003

State of Delaware
County of Kent

This Instrument was acknowledged before me this 23RD day of September, 2003 by Cynthia P. Fletcher.

*[signature]*
Harlan E. Peterson / Notary Public
My commission expires: October 3, 2006

## Statement of Authorized Person
## Of
## VEXTIN OVERSEAS LLC

I, Cynthia P. Fletcher, of Central Delaware Corporate Services, Inc. the authorized person of VEXTIN OVERSEAS LLC- a Delaware Limited Liability Company - hereby certifies pursuant to Section 18-201 of the Delaware Limited Liability Company Act.

1. The Certificate of Formation of VEXTIN OVERSEAS LLC was filed with the Secretary of State of Delaware on September 23, 2003 at 9:00 a.m.

2. On September 23, 2003 at 9:00 a.m. the following named person were elected to serve as member of the company until the first annual meeting of the shareholders or until their successors are elected and qualify:

Mr. Alex Zingaus on behalf of Federal Properties Ltd., 35 Barrack Road, Belize City, Belize, C.A.

IN WITNESS WHEREOF, I have signed this instrument as of the date when these actions were so taken this September 23, 2003.

Cynthia P. Fletcher
Central Delaware Corporate Services, Inc.

State of Delaware
County of Kent

This Instrument was acknowledged before me this 23RD day of September, 2003 by Cynthia P. Fletcher.

Harlan E. Peterson, Notary Public
My commission expires: October 3, 2006

***This document is not part of the public record. Keep it in a safe place***




**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| IN RE LETTER OF REQUEST ) | |
| FROM LATVIA ) | |
| IN THE MATTER OF ) | Misc No. 07- |
| VEXTIN OVERSEAS, L.L.C. ) | |

<u>ORDER</u>

Upon application of the United States of America; and upon examination of a letter of request from Latvia whose authorities are seeking certain testimony and information from individuals which may be found in this District, for use in a judicial proceeding in Latvia and the Court being fully informed in the premises, it is hereby

**ORDERED**, pursuant to Title 28, United States Code, Section 1782, that David L. Hall, Assistant United States Attorney, hereby is appointed as Commissioner of this Court and is hereby directed to execute the letter of request from the Latvian authorities as follows:

   1. to take such steps as are necessary, including issuance of commissioner's subpoenas to be served on persons within the jurisdiction of this Court, to collect the evidence requested;

   2. provide notice with respect to the collection of evidence to those persons identified in the requests as parties to whom notice should be given (and no notice to any other party shall be required);

   3. adopt procedures to collect the evidence requested

consistent with its use as evidence in a proceeding before a Court in Latvia, which procedures may be specified in the request or provided by the Latvian authorities;

    4. seek such further orders of this Court as may be necessary to execute this request; and

    5. certify and submit the evidence collected to the Office of International Affairs, Criminal Division, United States Department of Justice, or as otherwise directed by that office for transmission to the Latvian authorities.

    IT IS FURTHER ORDERED that, in collecting the evidence requested, the Commissioner may be accompanied by persons whose presence or participation is authorized by the Commissioner.

    Dated: This _____ day of _____, 2007.

_____
United States District Court Judge